**IN THE COURT OF APPEALS OF IOWA**

No. 13-1903
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LEVON DEAN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Plymouth County, Robert J. Dull, District Associate Judge.


        Levon Dean appeals his judgment and sentence for possession of marijuana, second offense.  **AFFIRMED.**


        Daniel P. Vakulskas of Vakulskas Law Firm, P.C., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Darin J. Raymond, County Attorney, and Amy K. Oetken, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Levon Dean appeals his judgment and sentence for possession of marijuana, second offense. *See* Iowa Code § 124.401(5) (2011). The conviction was based on an officer's discovery of marijuana in the front seat of his squad car shortly after he transported Dean in the back seat.

Dean contends the jury's finding of guilt "was against the weight of the evidence" and, accordingly, the district court abused its discretion in summarily denying his motion for new trial. "A verdict is contrary to the weight of the evidence where a greater amount of credible evidence supports one side of an issue or cause than the other." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (internal quotation marks omitted). "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). An abuse of discretion will be found if the district court's reasons are "clearly untenable" or "clearly unreasonable." *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010).

Dean was a passenger in a vehicle stopped for exceeding the speed limit and traveling in the left-hand lane. On processing his identification, a sergeant with the Plymouth County Sheriff's Office discovered Dean was the subject of a no-contact order and the protected person was in the vehicle with him. The officer arrested Dean, handcuffed him behind his back, searched him for weapons "from head . . . to toe," walked him to his squad car, moved Dean's hands and handcuffs to the front of his body for greater comfort, and placed him in the back seat of a caged squad car. The officer left Dean in the squad car for

several minutes as he spoke to the driver and protected person and searched the stopped vehicle. The driver admitted to having a marijuana pipe and smoking marijuana.

In time, the officer took the driver to the front passenger seat of the squad car pending completion of a citation. The officer sat next to her and testified he did not see her drop anything in the car. After the citation was completed, the officer allowed the driver to leave. He transported Dean to jail.

On arrival at the jail, the officer opened the front passenger door to retrieve something and noticed a bag of marijuana lying on the floorboard between the seat and the door. He told Dean, "that was stupid." Dean said the drugs were not his and suggested they belonged to the driver who had been seated in the front passenger seat.

The officer decided to test whether the baggie could be thrown from the back to the front of the squad car through a six-inch gap between the floor and the top of the cage. He pretended to wear handcuffs and was "able to throw the same bag of marijuana underneath [the] cage and have it land in almost exactly the same spot where [he] found the marijuana."

The district court could have found the weight of the evidence supported the jury's finding of guilt notwithstanding the officer's failure to uncover the drugs in his prior search of Dean and notwithstanding the driver's admission to smoking marijuana and possessing a pipe, as well as her proximity to the marijuana. Conversely, the district court could have found the evidence did not "preponderate[] heavily against the verdict." *Serrato*, 787 N.W.2d at 472. The court could have relied on (1) a video recording of the stop showing the driver

without anything in her hands as she walked back to the vehicle, (2) the officer's position while the driver was seated in the squad car and his ability to see any surreptitious movements on her part, (3) Dean's front-placed handcuffs, which provided greater maneuverability than rear-placed handcuffs, (4) the officer's testing, which established the baggie could be thrown from the back to the front, and (5) the officer's testimony that he cleaned his squad car two days earlier, found no marijuana, and did not transport anyone in the intervening days.

The State also points us to a video recording purportedly showing Dean shaking his pant leg to dislodge the drugs. Try as we might, we see no shaking. At best, the video reveals Dean sauntering towards the squad car. We decline to equate the swing in his step to a self-imposed shake-down. But even without considering this evidence, we find no abuse of discretion in the district court's denial of the new trial motion.

We affirm Dean's judgment and sentence for possession of marijuana, second offense.

**AFFIRMED.**